IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN LAVELLE WALTON,                    No. CIV S-10-3263-CMK-P

        Petitioner,

   vs.                                                          ORDER

GARY SWARTHOUT,

        Respondent.

                          /

        Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. The court summarily dismissed the petition on February 8, 2011, and judgment was entered that same day. Pending before the court is petitioner's motion for reconsideration (Doc. 17).

        The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also

1

1  Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later

2  than ten days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three

3  grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the

4  availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]

5  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986),

6  rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988);

7  see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School

8  Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

9              Under Rule 60(a), the court may grant reconsideration of final judgments and any

10 order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion

11 and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and

12 docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

13 pending.  See id.

14             Under Rule 60(b), the court may grant reconsideration of a final judgment and any

15 order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect;

16 (2) newly discovered evidence which, with reasonable diligence, could not have been discovered

17 within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

18 opposing party.  A motion for reconsideration on any of these grounds must be brought within a

19 reasonable time and no later than one year of entry of judgment or the order being challenged.

20 See Fed. R. Civ. P. 60(c)(1).

---

[1]     Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

[2]     If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1    The court construes petitioner's motion for reconsideration as a motion brought
2  under Rule 59(e) because petitioner argues that the summary dismissal of his petition was based
3  on an error of law.  Specifically, petitioner states that the "crux" of his claim in this case is a
4  Sixth Amendment challenge, not a due process challenge.  According to petitioner, ". . . he was
5  denied his Sixth Amendment right to trial by jury's determination beyond a reasonable doubt
6  upon the circumstances used to deny him parole."  Though this is not the most clear expression
7  of the claim, it appears that petitioner is arguing either: (1) that he is entitled to a jury trial on the
8  factual determinations made by the Parole Board in denying parole; or (2) that he was denied the
9  right to jury determination of facts decided at the time of his underlying criminal trial.  Neither
10 theory presents a cognizable claim.

11   To the extent petitioner argues that he is entitled to a jury trial on facts determined
12 by the Parole Board, the Supreme Court's decision in <u>Swarhout v. Cooke</u>, 562 U.S. ___, 2011
13 WL 197627, at *2 (Jan. 24, 2011), forecloses that argument.  In <u>Cooke</u>, the Court concluded that
14 the only claim cognizable on a federal habeas parole challenge is a claim relating to procedural
15 due process (i.e., the right to be heard and receive notice of the reasons for the decision).  Under
16 <u>Cooke</u>, this court cannot consider any arguments relating to the substantive application of
17 California law regarding parole determinations, including whether the Parole Board decided facts
18 correctly.  Moreover, petitioner has cited no law, and the court is aware of none, which states that
19 he has a federal constitutional right to a trial by jury on factual determinations made in an
20 administrative proceeding such as a parole determination hearing.

21   To the extent petitioner is arguing that he was denied a jury trial on facts
22 determined in his underlying criminal trial, the court cannot permit a collateral challenge to the
23 underlying criminal conviction in the context of a parole challenge.  In addition, a review of the
24 petition indicates that petitioner clearly states: "This appeal only challenges parole hearing."
25 Finally, the underlying conviction occurred in 1995 and any collateral challenge now would be
26 untimely.

Accordingly, IT IS HEREBY ordered that petitioner's motion for reconsideration (Doc. 17) is denied.

DATED: March 9, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE